UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| AMERICAN STATES INSURANCE COMPANY, an Indiana corporation,<br><br>Plaintiff,<br><br>v.<br><br>JEANNE HAMILTON, MARK PAULEK, SPIRE FEDERAL CREDIT UNION, a Minnesota credit union, AUTOMOTIVE FINANCE CORPORATION, an Indiana corporation, KAREN GREENSTEIN, CRYSTAL KOHLMEYER, TOYOTA FINANCIAL SERVICES, a Delaware corporation, METLIFE AUTO & HOME INSURANCE AGENCY, INC., a Rhode Island corporation, and UNKNOWN CLAIMANTS,<br><br>Defendants. | Court File No. _____<br><br><br><br><br><br><br><br>**COMPLAINT FOR INTERPLEADER AND OTHER RELIEF** |

Plaintiff American States Insurance Company, by and through its attorneys, Hinshaw & Culbertson LLP, and for its Complaint for Interpleader and Other Relief, pursuant to 28 U.S.C. § 1335 and 28 U.S.C. § 2361, states as follows:

**PARTIES**

1. Plaintiff American States Insurance Company (hereinafter "American States") is an Indiana corporation with its principal place of business located at 350 East 96th Street, Indianapolis, Indiana, and it is licensed to conduct business in Minnesota.

2. Upon information and belief, Defendant Jeanne Hamilton (hereinafter "Hamilton") is a Minnesota resident, with her principal residence at 16585 Lake Ridge Drive, Maple Grove, Minnesota.

3. Upon information and belief, Defendant Mark Paulek (hereinafter "Paulek") is a Minnesota resident, with his principal residence at 16585 Lake Ridge Drive, Maple Grove, Minnesota.

4. Upon information and belief, Defendant Spire Federal Credit Union (hereinafter "Spire"), is a Minnesota credit union with its principal place of business located at 2025 Larpenteur Avenue West, Falcon Heights, Minnesota.

5. Upon information and belief, Defendant Automotive Finance Corporation (hereinafter "AFC"), is a Indiana corporation with its principal place of business located at 13085 Hamilton Crossing Boulevard, Suite 300, Carmel, Indiana.

6. Upon information and belief, Defendant Karen Greenstein (hereinafter "Greenstein"), is a Minnesota resident with her principal residence at 8733 West Moreland Lane, St. Louis Park, Minnesota.

7. Upon information and belief, Defendant Crystal Kohlmeyer (hereinafter "Kohlmeyer"), is a Minnesota resident with her principal residence at 4248 16th Avenue South, Minneapolis, Minnesota.

8. Upon information and belief, Defendant Toyota Financial Services (hereinafter "Toyota"), is a Delaware corporation with its principal place of business located at 19001 South Western Avenue, Torrance, California.

121282134v1 0923737 02842

9.  Upon information and belief, Defendant MetLife Auto & Home Insurance Agency, Inc. (hereinafter "MetLife"), is a Rhode Island corporation with its principal place of business located at 700 Quaker Lane, Warwick, Rhode Island (hereinafter Defendants Hamilton, Paulek, Spire, AFC, Greenstein, Kohlmeyer, Toyota, and MetLife may be referred to collectively as "Defendant-Claimant(s)")

10. Upon information and belief, American States believes there are and/or may be additional claimants whose identities are unknown as of the date of the filing of the instant Complaint (hereinafter "Unknown Claimants").

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this cause of action pursuant to 28 U.S.C. § 1335, as an action for interpleader where American States issued a bond with a value in excess of $500.00 and two or more adverse claimants of diverse citizenship are claiming or may claim to be entitled to money, property, or any other benefits arising by virtue of the bond.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 because one of the Defendants, Hamilton, resides in Maple Grove, Minnesota, which is located in this District.

## GENERAL ALLEGATIONS

13. Upon information and belief, Auto Point, Ltd. ("Auto Point") was, at all relevant times, a Minnesota motor vehicle dealer located in Golden Valley, Minnesota. At the request of Auto Point, American States issued Bond No. 6638267 (hereinafter

3

"Bond," attached hereto as Exhibit A), on or about April 7, 2009, with an expiration date of April 7, 2010, on behalf of Auto Point in the penal sum of $50,000.00.

14. American States has received claims from the Defendants-Claimants against American States' principal, Auto Point. These claims arise out of contracts to purchase, sell, or finance motor vehicles. Each of the Defendant-Claimants have alleged that Auto Point, as buyer and/or seller of said motor vehicle(s) in question, has breached the terms of certain contracts to buy, sell, or finance motor vehicles and/or failed to meet the obligations imposed by the laws of Minnesota. The amounts claimed by each Defendant-Claimant against the Bond are depicted below:

| | |
|---|---|
| Hamilton and Paulek | $ 64,775.00 |
| Spire | $ 62,941.99 |
| AFC | $159,632.46 |
| Greenstein | unknown at this time |
| Kohlmeyer | $ 28,000.00 |
| Toyota | $ 19,949.00 |
| MetLife | unknown at this time |
| **TOTAL** | **$335,298.45** |

15. As of the date of the filing of the instant Complaint, American States has received claims in excess of $335,298.45 and may be subject to additional claims from the Unknown Claimants (hereinafter the "Claims"), which exceed the penal sum of the bond of $50,000.00.

## PRAYER FOR EQUITABLE RELIEF

16.     The relief sought by American States in the instant action is subject to any and all rights and/or defenses that may be available to itself as surety under Bond No. 6638267 and/or on behalf of its principal Auto Point, and American States fully reserves any and all such rights it may have notwithstanding any of the alternative forms of relief it is seeking.

**Wherefore** Plaintiff American States Insurance Company, by and through its attorneys, Hinshaw & Culbertson LLP, requests the following relief:

- A. That Plaintiff recover its attorneys' fees, expenses and costs incurred in bringing this action;

- B. The Plaintiff be permitted to deposit with the Clerk of this Court, any funds remaining on the difference of the penal sum of the Bond of $50,000 minus the Court's award of reasonable attorneys' fees, costs and expenses incurred by Plaintiff in the instant matter, and that the Clerk be ordered to promptly and properly invest said remaining funds so that interest may accrue for the benefit of Defendant-Claimants and/or any and all Unknown Claimants;

- C. That each Defendant-Claimant and any and all Unknown Claimants, be enjoined, pursuant to 28 U.S.C. §2361, from instituting or prosecuting any action against Plaintiff, in any court, federal or state, for their recovery of any proceedings under the Bond or any part thereof;

- D. That this Court order that Plaintiff be released and discharged from any further liability upon the Bond relative to any and all claims, past, present, and/or future of any and all Defendant-Claimants and any and all Unknown Claimants, relative to Plaintiff's principal, Auto Point Auto, Ltd.;

- E. That Plaintiff be dismissed from this action and that Defendant-Claimants and any and all Unknown Claimants, be required to litigate in this action their respective entitlement to the proceeds;

- F. Such other and further relief as the Court deems appropriate.

121282134v1 0923737 02842

Dated: June 14, 2011

**HINSHAW & CULBERTSON LLP**

_/s/ Thomas J. Radio_
Thomas J. Radio, Reg. No.: 137029
Nadia B. Hasan, Reg. No.: 0386744
2000 Accenture Tower
333 South Seventh Street
Minneapolis, MN 55402
Telephone: 612-333-3434
Fax: 612-334-8888

ATTORNEYS FOR PLAINTIFF AMERICAN STATES INSURANCE COMPANY

6